UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LATAUSHA SIMMONS, | Case No. 19-11726 |
| Plaintiff | Judith E. Levy |
| v. | United States District Judge |
| CITY OF SOUTHFIELD, *et al.*, | Michael J. Hluchaniuk |
| Defendants. | United States Magistrate Judge |
| _____/ | |

**REPORT AND RECOMMENDATION:**
**SOUTHFIELD DEFENDANTS' MOTION FOR JUDGMENT ON THE**
**PLEADINGS (ECF No. 28)**

**I.   PROCEDURAL HISTORY**

Plaintiff LaTausha Simmons brought this action *pro se* under federal and state law on June 10, 2019.  (ECF No. 1).  District Judge Judith E. Levy referred the matter to the undersigned for all pretrial matters.  (ECF No. 34).  Before the Court is the Southfield defendants—defendants K. Miller, A. Sharp, Joseph Thomas, Jr., Southfield Police Department, and City of Southfield—motion for judgment on the pleadings.  (ECF No. 28).  As explained more fully below, plaintiff was given three separate deadlines by which to respond to the motion, or else the undersigned would recommend that the motion be granted.  As of the date of this report and recommendation, plaintiff has not responded to the motion.

### III. ANALYSIS AND RECOMMENDATIONS

    A.    <u>Motion for Judgment on the Pleadings</u>

As stated, the Southfield defendants filed a motion for judgment on the pleadings on September 11, 2019. (ECF No. 28). After almost two months without a response to the motion, on November 6, 2019, the Court ordered plaintiff to respond by November 20th. (ECF No. 29). The Court warned that "**[f]ailure to filed a response may result in sanctions, including granting all or part of the relief requested by the moving party.**" (ECF No. 29, PageID.412) (emphasis in original). On November 26th, plaintiff filed a motion for extension of time to respond. In the motion, plaintiff explained that she had suffered physical injuries (form a source unknown to the court) and she was being detained in a local jail. (ECF No. 31, PageID.438-39). The Court, although noting that detention in jail is generally not a sufficient excuse to grant an extension, granted her an extension to January 6, 2020 to file the response. (ECF No. 33). The Court warned that no further extensions would be granted. However, on January 6, 2020, plaintiff faxed a document to the Court in which she complained of medical issues and her detention keeping her from responding to the motion. The Court construed the faxed document as a request for more time. (ECF No. 35). On January 14, 2020, the Court granted the request and gave plaintiff five weeks from the date of that order to file a response. Before granting the motion, the Court again noted that

2

incarceration was not a sufficient reason to extend time, but acknowledged her health issues as providing good cause in that instance. Since this was the third deadline given to respond to the motion pending since September 2019, the Court warned that, "**Failure to file a response within five weeks will result in sanctions, including granting all or part of the relief requested by the moving party or recommending that the case be dismissed pursuant to Fed. R. Civ. P. 41(b).** No further extensions will be granted." (ECF No. 38, PageID.479) (emphasis in original).

Five weeks from January 14th is February 18th. There is no question, at least according to the docket, that plaintiff received the Court's final order granting the extension to February 18th. Orders and other documents filed on January 27th and later were returned as undeliverable to plaintiff. (*See* ECF Nos. 41, 43). Plaintiff updated her address and the Court successfully mailed those documents to the new address. (*See* Text-Only Certificate of Service dated 2/18/2020). The order for a response, filed January 14, 2020, was not returned as undeliverable. There is no indication on the docket that plaintiff did not receive that order. Hence, there is no reason to suspect that plaintiff's failure to file a response to the motion for judgment on the pleadings (or failure to ask for yet another extension) is due to lack of knowledge of the latest deadline.

3

As noted above, the Court warned plaintiff on multiple occasions that the failure to respond to the motion for judgment on the pleadings would result in a recommendation that the relief requested be granted. The Southfield defendants requested that their motion be granted and that the complaint against them be dismissed in its entirety. (ECF No. 28, PageID.362). At this point, the motion stands unopposed. Because plaintiff has not responded to the motion by February 18, 2020 or thereafter, the undersigned recommends that the motion be **GRANTED** and that the Southfield defendants be dismissed from this case. The undersigned understands that plaintiff may be going through some personal difficulties at this time. However, she still must adhere to court-ordered deadlines.

B. Defendant Detroit Police Department

Plaintiff has sued the Detroit Police Department, in addition to the City of Detroit and a number of other defendants. She filed a proof of service for the Detroit Police Department, but the department has not yet responded to the complaint. (*See* ECF No. 24).

The Detroit Police Department is not a proper party to his case. The Sixth Circuit has held that "[a] suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest."[1] *Haverstick*

---

[1] The Southfield Police Department raised this issue in their motion for judgment on the pleadings. (ECF No. 28, PageID.361). The undersigned has recommended that the motion for

4

*Enterprises, Inc. v. Financial Federal Credit, Inc*., 32 F.3d 989, 992 n. 1 (6th Cir. 1994) (citing *Moomey v. City of Holland*, 490 F. Supp. 188, 190 (W.D. Mich. 1980). *Haverstick* involved a suit against the City of Romulus and its police department for federal constitutional violations under § 1983. The Court noted that under Michigan law, a municipal police department is a creature of the municipality, and that the police department cannot be sued independently. Therefore, the *Haverstick* court dismissed the plaintiffs' claims against the police department at the outset of its decision. *See also Boykin v. Van Buren Twp.,* 479 F.3d 444, 450 (6th Cir. 2007) ("Van Buren Township Police Department is subsumed within Van Buren Township as a municipal entity to be sued under § 1983, and thus the Police Department was improperly included as a separate defendant in Boykin's suit."); *Laise v. City of Utica*, 970 F. Supp. 605, 608 (E.D. Mich. 1997) (noting that a city police department is merely an agency of the city, and therefore is not a proper defendant in a § 1983 lawsuit). The Detroit Police Department is subsumed within the City of Detroit, and thus is improperly included as a defendant. The department should be dismissed from this case.

The Court may raise this issue *sua sponte* because plaintiff is proceeding *in forma pauperis* in this matter. 28 U.S.C. §§ 1915(e)(2)(B) requires the Court to

---

judgment on the pleadings be recommended. Southfield Police Department is correct that they are not a proper defendant.

dismiss complaints *sua sponte* when they fail to state a claim, are frivolous, or seek monetary relief from immune defendants. Plaintiff has effectively failed to state a claim against the Detroit Police Department.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Southfield defendants' motion for judgment on the pleadings (ECF No. 28) be **GRANTED**, and that these defendants be dismissed from this case.

The undersigned further **RECOMMENDS** that defendant Detroit Police Department be **DISMISSED** from this action.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 12, 2020

s/Michael J. Hluchaniuk
Michael J. Hluchaniuk
United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on March 12, 2020, I electronically field the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Latausha Simmons, 20500 Dean Street, Detroit, MI 48234.

s/ Durene Worth
Case Manager
(810) 341-7881
durene_worth@mied.uscourts.gov