## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LaTausha Simmons,

                    Plaintiff,

vs.

Ross Towing, the City of Detroit, Detroit Police Department Chief James Craig, A. Carr, Doso P. Thomas, Lt. Duncan, Sgt. Williams, Sgt. Dunning, Det. Cross Nelson, Mrs. Curry of the Detroit Police CAT Unit, and Unknown Officers of the Detroit Police CAT Unit,

                    Defendants.

_____/

Case No. 19-11726

Judith E. Levy
United States District Judge

Mag. Judge David R. Grand

## ORDER FOR PLAINTIFF TO SHOW CAUSE, DISMISSING PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DETROIT POLICE OFFICER DEFENDANTS, AND DENYING THE MOTION TO SET ASIDE THE COURT'S ORDER

Plaintiff LaTausha Simmons filed this civil rights complaint on June 10, 2019. (ECF No. 1.) Throughout this litigation, Plaintiff has repeatedly failed to comply with the Court's orders and Court-imposed deadlines. (*See, e.g.*, ECF No. 39; ECF No. 45; ECF No. 46, PageID.544; ECF No. 53, PageID.598.)

On June 22, 2020, Plaintiff moved to amend her complaint "to clarify claims and the liability of each Defendant." (ECF No. 59.) Defendants the City of Detroit, James Craig, and Ross Towing oppose Plaintiff's motion. (*See* ECF Nos. 66, 68.)

On January 14, 2021, the Court held a status conference and discussed the deficiencies of Plaintiff's motion for leave to amend her complaint. (*See* ECF No. 65.) Specifically, the Court noted that Plaintiff's proposed amended complaint does not sufficiently allege claims against the Defendants and names Defendants who have already been terminated from the action. Moreover, Plaintiff has not provided *any* explanation to the Court as to why she chose to add the claims in the proposed amended complaint over a year after filing the original complaint.

In light of the deficiencies in the motion to amend the complaint discussed at the status conference, the Court issued an order instructing Plaintiff to file a reply in support of her motion to amend by February 16, 2021.[1] (ECF No. 65.) However, Plaintiff failed to do so. To date, Plaintiff

---

[1] The Court ordered Plaintiff to respond by February 16, 2021, although the scheduling order lists the deadline as February 16, 2020, in error. (*See* ECF No. 65.)

has not filed a response that addresses the Court's concerns regarding her motion to amend or replies to Defendants' arguments opposing her motion.

Federal Rule of Civil Procedure 41(b) provides that a court may order the involuntary dismissal of an action for failure to comply with the Federal Rules of Civil Procedure or a court order. *See* Fed. R. Civ. P. 41(b). "'This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties.'" *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

Accordingly, the Court orders Plaintiff to show cause in writing why she did not comply with the Court's order instructing her to file a reply in support of her motion to amend the complaint by February 16, 2021. (ECF No. 65.) Plaintiff's response to this order is due by February 4, 2022. In her response, Plaintiff must (1) explain why she failed to comply with the Court's order (ECF No. 65), (2) address the Court's concerns with her motion to amend that the Court identified at the status conference, (3) reply to Defendants' arguments opposing her motion to amend, and (4)

3

explain why her motion to amend should be granted. **Failure to file a response by February 4, 2022 will result in sanctions, including denying Plaintiff's motion to amend or dismissing the action under Fed. R. Civ. P. 41(b).**

Additionally, Plaintiff has not perfected service on the individual Detroit Police officers she names as Defendants: A. Carr, Doso P. Thomas, Duncan, Williams, Dunning,[2] Cross Nelson, Curry of the Detroit Police CAT Unit, and Unknown Officers of the Detroit Police CAT Unit. (*See* ECF No. 55). As claims must be dismissed against a defendant who is not served within ninety days of the filing of the complaint, *see* Fed. R. Civ. P. 4(m), the Court DISMISSES WITHOUT PREJUDICE Plaintiff's claims against the individual Detroit Police officers listed above, rendering moot ECF No. 47.

Further, Plaintiff fails to support her motion, ECF No. 56, to set aside the Court's order adopting previous reports and recommendations, ECF No. 54. Federal Rule of Civil Procedure 60(b) provides six possible grounds for relief from an order, including "mistake, inadvertence,

---

[2] In one of her filings, Plaintiff sought to voluntarily dismiss Dunning, writing: "Plaintiff has no reference to Defendant Dunning and voluntarily removes this [D]efendant." (ECF No. 58, PageID.653–654.)

surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "It is well-settled in this Circuit that such a motion is addressed to the sound discretion of the trial court." *Jacobs v. DeShetler*, 465 F.2d 840, 843 (6th Cir. 1972); *accord Azalam v. U.S. Postal Serv.*, No. 06-15390, 2007 WL 956929, at *2 (E.D. Mich. Mar. 28, 2007); *Simmons v. ESA Mgmt., LLC*, No. 16-CV-2774-SHL-DKV, 2017 WL 2989199, at *1 (W.D. Tenn. Feb. 23, 2017).

Here, Plaintiff argues that the Court should set aside its April 14, 2020 order because she did not "receive the Southfield motion on the pleadings nor the magistrate's reports and recommendations." (ECF No. 56, PageID.610.) Plaintiff adds that "at the time the responses were required to be filed, [she] was unlawfully incarcerated," and she lists the dates of her incarceration from approximately December 17, 2019 until January 29, 2020. (*Id.*)

However, Plaintiff's claims that her failure to respond or object were due to excusable neglect do not withstand scrutiny. It appears that Plaintiff did receive the Southfield Defendant's motion for judgment on the pleadings because she requested an extension of the deadline to respond to this motion three times before claiming she did not receive it. (*See* ECF Nos. 31, 33, 35.) In fact, the Court specifically extended the

5

deadline for her to respond to the Southfield Defendants' motion until February 18, 2020, after Plaintiff was released from custody. (*See* ECF No. 38, PageID.478 (extending the deadline for a response to accommodate Plaintiff's health issues and incarceration); ECF No. 45, PageID.536 (discussing Plaintiff's failure to respond by the extended deadline).) Further, Plaintiff filed other papers with the Court during the extended period of time she was given to respond to the Southfield Defendant's motion and the objection period to the Magistrate Judge's January 27, 2020 report and recommendation, ECF No. 40. This demonstrates that she was capable of filing documents with the Court during the relevant period. (*See* ECF No. 42.)

Plaintiff fails to provide a reason why she could not respond to the motions addressed in the Magistrate Judge's reports and recommendations, ECF Nos. 40 and 45. Therefore, Plaintiff's motion to set aside the Court's order, ECF No. 56, is DENIED.

The Court reiterates that by **February 4, 2022**, Plaintiff is ordered to file a response addressing (1) why she failed to comply with the Court's order (ECF No. 65), (2) the Court's concerns with her motion to amend that the Court identified at the status conference, (3) Defendants'

6

arguments opposing her motion to amend, and (4) why her motion to amend should be granted. **Failure to file a response by February 4, 2022 will result in sanctions, including denying Plaintiff's motion to amend or dismissing the action under Fed. R. Civ. P. 41(b).**

IT IS SO ORDERED.

Dated: January 24, 2022          s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2022.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager

7