# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LaTausha Simmons,

|  |  |
|---|---|
| Plaintiff, | Case No. 19-11726 |
| vs. | Judith E. Levy<br>United States District Judge |
| Ross Towing, the City of Detroit, Detroit Police Department Chief James Craig, | Mag. Judge David R. Grand |
| Defendants. | |

_____/

## ORDER OF DISMISSAL

*Pro se* Plaintiff LaTausha Simmons[1] filed this civil rights case

alleging that she was mistreated when she tried to report the theft of her

---

[1] LaTausha Simmons is listed as the plaintiff in several other cases in this District. *See Simmons v. City of Detroit*, 18-cv-13812 (E.D. Mich. dismissed Feb. 19, 2020); *Simmons v. City of Detroit*, 18-cv-13813 (E.D. Mich. striking order to vacate order of dismissal Sept. 28, 2021); *Simmons v. City of Warren*, 19-cv-11531 (E.D. Mich. filed May 24, 2019); *Simmons v. Swafford*, 19-cv-11595 (E.D. Mich. denying second motion to set aside Jan 25, 2021); *Simmons v. Benson*, 19-cv-12091 (E.D. Mich. dismissed Aug. 19, 2019); *Simmons v. City of Detroit*, 20-cv-11650 (E.D. Mich. dismissed July 7, 2020, 6th Cir. appeal dismissed Oct. 19, 2020). Because of Simmons' "repetitive or vexatious litigation" Judge Victoria A. Roberts imposed a "permanent

vehicle, and that after the car was located, she was also mistreated when she attempted to get it back. (ECF No. 1). This case has been pending for over two years, during which deadlines have been extended for Plaintiff again and again. Despite the Court's leniency, Plaintiff has repeatedly failed to comply with the Court's deadlines and procedures.

For the reasons set forth below, this action is dismissed under Federal Rule of Civil Procedure 41(b).

## I.   Background

### A.   Plaintiff's Claims

Plaintiff alleges that her vehicle was stolen from a parking spot near the University of Detroit Mercy on April 30, 2019. (*See* ECF No. 1, PageID.7.) She states that when she reported the theft later that day to the Detroit Police Department ("DPD"), DPD personnel failed to appropriately manage her report. (*See id.* at PageID.9–12.) Specifically, she states that DPD officers displayed "unprofessional behavior" and did not take an accurate statement from her or assist her. (*See id.*)

---

injunction requiring [her] to seek leave of court before filing any further complaints." *Simmons v. City of Detroit*, 20-cv-11650 (ECF No. 6, PageID.127.)

When her vehicle was recovered on June 2, 2019 in Southfield (*id.* at PageID.13), it was sent to Ross Towing Company.[2] Plaintiff alleges that Ross Towing charged her for the release of her vehicle, pressured her to sign a waiver, and refused to allow her to check the car for damage prior to signing the waiver or inspecting her vehicle. (*See id.* at PageID.13–17.) She alleges that although she requested assistance from the Southfield Police Department ("SPD"), SPD personnel failed to intervene in Ross Towing's misconduct and one SPD officer even threatened her. (*Id.* at PageID.16.) Plaintiff did not get her car back. (*See id.* at PageID.18.) In her complaint, Plaintiff lodges constitutional claims under 42 U.S.C. § 1983 and state tort law. She seeks possession of her vehicle and damages.

Plaintiff names the following parties as Defendants: the City of Southfield, the SPD, SPD Chief Joseph Thomas Jr., SPD Officers K. Miller and A. Sharp (collectively, the "Southfield Defendants"); Ross

---

[2] Ross Towing refers to itself in some filings as Larry Ross Garage, Inc. (*See, e.g.*, ECF No. 67, PageID.824.) The Court uses the name Ross Towing to refer to this entity in this Order.

Towing; the City of Detroit; the DPD[3]; DPD Chief James Craig; DPD Officers A. Carr, Doso P. Thomas, and Curry, DPD Lieutenant Duncan, DPD Sergeant Williams, DPD Detective Cross Nelson, Mrs. Curry, and unnamed officers (collectively, the "Individual DPD Officer Defendants"). (*See id.* at PageID.4–7.)

## B. Procedural History

Plaintiff initiated this case on June 10, 2019.[4] (*See id.*) The Court referred all pretrial matters to Magistrate Judge Majzoub on June 13, 2019. (ECF No. 8.) On November 4, 2019, the case was reassigned to Magistrate Judge Hluchaniuk (Order, Nov. 4, 2019), and the Court referred all pretrial matters to him on December 4, 2019. (ECF No. 34.)

### 1. *Plaintiff's Failure to Respond to the Southfield Defendants' Motion for Judgment on the Pleadings*

---

[3] Judge Hluchaniuk issued a report and recommendation recommending that the DPD be dismissed *sua sponte*, explaining that it was not a proper party to the case. (*See* ECF No. 45, PageID.537–538 (citing Michigan law that municipal police departments cannot be sued independently of the city).) The Court adopted this report and recommendation, without objection, and the DPD was dismissed as a Defendant on April 14, 2020. (*See* ECF No. 54.)

[4] Because the Court granted Plaintiff's application to proceed without prepaying costs (ECF No. 7), she had the option of using the U.S. Marshal to complete service of the complaint on Defendants. (*See* E.D. Mich. LR 4.1(b)). However, Plaintiff waived Marshal service and therefore took responsibility for service of the complaint. (*See* ECF No. 4.)

The Southfield Defendants timely answered the complaint. (*See* ECF No. 18.) On September 11, 2019, they moved for judgment on the pleadings. (ECF No. 28.) Plaintiff failed to file a timely response.

On November 6, 2019—almost two months after the Southfield Defendants filed their dispositive motion—Judge Hluchaniuk ordered Plaintiff to respond the Southfield Defendants' motion by November 20, 2019. (*See* ECF No. 29.) On November 19, 2019, Judge Hluchaniuk allowed Plaintiff to file a motion to request an extension of time to respond by November 26, 2019 (*see* Order, Nov. 19, 2019), and on November 25, 2019, Plaintiff moved for an extension of time to file a response. (ECF No. 33.) On December 2, 2019, Judge Hluchaniuk extended the deadline for Plaintiff to file a response until January 6, 2020, explicitly cautioning her that "[n]o further extension to respond to these motions[5] will be granted." (*Id.* at PageID.467.)

Despite Judge Hluchaniuk's warning in the December 2, 2019 order, Plaintiff again requested additional time to file her response. (ECF No. 35.) Judge Hluchaniuk granted Plaintiff's request and allowed her to

---

[5] Judge Hluchaniuk's order (ECF No. 33) addressed the deadline for Plaintiff to respond to Ross Towing's motion to set aside entry of default (ECF No. 27) and the Southfield Defendants' motion for judgment on the pleadings (ECF No. 28).

file a response by February 18, 2020. (*See* ECF No. 38, PageID.479.) As this was the third deadline to respond to the motion that had been pending since September 2019, Judge Hluchaniuk warned Plaintiff that the "**[f]ailure to file a response within five weeks will result in sanctions, including granting all or part of the relief requested by the moving party or recommending that the case be dismissed pursuant to Fed. R. Civ. P. 41(b)**. No further extensions will be granted." *Id.* (emphasis in original).

But Plaintiff did not file a response to the Southfield Defendants' motion before the February 18, 2020 deadline. Judge Hluchaniuk issued a report and recommendation recommending that the Court grant the Southfield Defendants' motion for judgment on the pleadings. (*See* ECF No. 45, PageID.537.) No objections to the report and recommendation were filed, and on April 14, 2020, the Court adopted the report and recommendation, thereby dismissing the Southfield Defendants from this case. (*See* ECF No. 54.)

Even though the Court had ordered dismissal of the Southfield Defendants (ECF No. 54) after adopting Judge Hluchaniuk's report and recommendation (ECF No. 45), on May 6, 2020—months after the

deadline to file objections had passed—Plaintiff moved to set the Court's order aside. (*See* ECF No. 56.) Plaintiff stated that one of the reasons she filed such a belated response is that she did not "receive the Southfield motion on the pleadings nor the magistrate's reports and recommendations."[6] (*Id.* at PageID.610.) Plaintiff added that another reason her filing was untimely is that she "was unlawfully incarcerated in the Macomb County Jail for seeking ER care" at the time her responses were due. (*Id.*)

> ### 2. *Plaintiff's Failure to Properly Serve the Individual DPD Officer Defendants and to Timely Respond to the City of Detroit and Chief Craig's Motion to Dismiss*[7]

Plaintiff failed to properly effect service on the Individual DPD Officer Defendants.[8] Plaintiff's first "proof of service" on these

---

[6] Plaintiff's claim that she never received the Southfield Defendant's motion is questionable. In the four times that Plaintiff requested that the Court extend the deadline for her to respond to the Southfield Defendants' motion, she failed to state that she had not in fact received the motion.

[7] Counsel for the City of Detroit and Chief Craig labeled this filing as a motion to quash. (*See* ECF No. 47, PageID.546.) During the January 14, 2021 status conference, counsel told the Court that the filing was inadvertently styled as a motion to quash instead of a motion to dismiss. The Court refers to this motion as a motion to dismiss.

[8] The Court adopts by reference Judge Hluchaniuk's discussion of the deficiencies in service on these officers, having found it to be accurate and thorough. (*See* ECF No. 39, PageID.485–488.)

7

Defendants indicates that the process server attempted service through the City of Detroit Law Department and by personal service at the City of Detroit Law Department. (*See* ECF No. 24, PageID.302–310.) Judge Hluchaniuk found that service on the City of Detroit Law Department for these Defendants was improper and that it was "not altogether clear that the process server actually personally served these defendants directly on the same day, at the same time, and at the same location." (ECF No. 39, PageID.487.) Judge Hluchaniuk ordered Plaintiff to reattempt service on the Individual DPD Officer Defendants to give her another chance to pursue her claims. (*See id.* at PageID.488.)

Thereafter, Plaintiff filed another "proof of service" regarding service on A. Carr, Doso P. Thomas, Duncan, Williams, Cross-Nelson, and Curry—but not Dunning or the unnamed officers. (*See* ECF No. 44.) The document indicated that these Defendants were served through personal service at the City of Detroit Mayor's Office and each officers' last-known place of work. (*See id.*, PageID.528–533.) This attempt at service was also improper.[9] (*See* ECF No. 46, PageID.543.) To give

---

[9] The Court adopts by reference Judge Hluchaniuk's discussion of the deficiencies in service on these officers, having found it to be accurate and thorough. (*See* ECF No. 46, PageID.543.)

Plaintiff another opportunity to pursue her claims, Judge Hluchaniuk ordered that she show cause by April 6, 2020 to explain either why her purported service on the Individual DPD Officer Defendants was proper or why her claims against them should not be dismissed with prejudice. (*See id.* at PageID.543–544.) Judge Hluchaniuk explicitly warned Plaintiff that "[**f**]**ailure to timely or adequately respond in writing to this Order will result in a recommendation that the Detroit Police defendants be dismissed from this case without prejudice**." (*Id.* at PageID.544 (emphasis in original).)

Then, on March 19, 2020, Defendants City of Detroit and Chief Craig filed a motion seeking dismissal of the Individual DPD Officer Defendants due to improper service. (*See* ECF No. 47.) Plaintiff was ordered to respond to the motion by April 6, 2020. (*See* ECF No. 48, PageID.550.) Judge Hluchaniuk again warned Plaintiff that "[**f**]**ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." *Id.* (emphasis in original).

Yet, over six months after the original deadline to serve Defendants, Plaintiff still failed to submit a response to the Court's order

to show cause regarding improper service or the motion to dismiss for improper service on the Individual DPD Officer Defendants. (*See* ECF No. 55, PageID.603 (no response over a month and a half after the deadline to respond to the show cause order regarding improper service on the Individual DPD Officer Defendants).) Because claims must be dismissed against a defendant who is not served within ninety days of the date in which the complaint is filed (*see* Fed. R. Civ. P. 4(m)), Judge Hluchaniuk recommended that the Court dismiss the Individual DPD Officer Defendants from the case and terminate as moot the City of Detroit and Chief Craig's motion to dismiss. (ECF No. 55, PageID.605–606.)

Except for Officer Dunning—whom she voluntarily dismissed from the case—Plaintiff objected to Judge Hluchaniuk's recommendation that the Individual DPD Officer Defendants be dismissed.[10] (ECF No. 58.) Plaintiff stated that she "never received the Court's order to show cause (E[CF] No. 46), [a]nd Defendants' City of Detroit and James Craig's Motion to [Dismiss] (E[CF] No. 47)." (*Id.* at PageID.655.) She reiterated—

---

[10] Regarding Officer Dunning, Plaintiff wrote that she "has no reference to Defendant Dunning and voluntarily removes this defendant." (ECF No. 58, PageID.653–654.)

without addressing the noted deficiencies in her earlier attempts at service—that the previous proofs of service she filed with the Court demonstrated that she properly served the Individual DPD Officer Defendants. (*See id.* at PageID.655–656.)

Still, Plaintiff failed to perfect service on the Individual DPD Officer Defendants. Under Federal Rule of Civil Procedure 4(m), claims must be dismissed against a defendant who is not served within ninety days of the filing of the complaint. *See* Fed. R. Civ. P. 4(m). Accordingly, the Court dismissed Plaintiff's claims against the Individual Detroit Police Officers without prejudice. (*See* ECF No. 73, PageID.855.)

### 3. *Plaintiff's Issues Serving Ross Towing*

It is unclear whether Plaintiff initially perfected service on Ross Towing. (*See* ECF No. 39, PageID.480–485 (discussing conflicting evidence regarding service on Ross Towing); *see also* ECF No. 40, PageID.494–497 (same).) Ross Towing did not timely answer or appear in this case. Plaintiff requested an entry of default against Ross Towing (*see* ECF No. 25), and the Clerk entered a default against it on August 12, 2019. (*See* ECF No. 26.)

11

Ross Towing filed a motion to set aside the entry of default, claiming that it did not have notice of the complaint until it received the entry of default and asserting other defenses. (*See* ECF No. 27; *see also* ECF No. 40, PageID.495–496.) On November 6, 2019, Judge Hluchaniuk ordered Plaintiff to respond to Ross Towing's motion by November 20, 2019, specifically warning Plaintiff that the "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (ECF No. 29 (emphasis in original).) Thereafter, the deadline for Plaintiff to respond to this motion was extended twice, but she did not file a response.[11] (*See* Order, Nov. 19, 2019; ECF No. 33.)

On January 27, 2020, Judge Hluchaniuk issued a report and recommendation recommending that Ross Towing's entry of default be set aside because the default did not appear to be willful, and Ross Towing claimed that it did not have notice of the case. Judge Hluchaniuk

---

[11] Plaintiff filed a motion for an extension of time to respond to Ross Towing's motion on January 6, 2020 (*see* ECF No. 35), but Judge Hluchaniuk declined to allow Plaintiff another extension of time to file her already belated response. (*See* ECF No. 38.)

also found that Ross Towing had a meritorious defense.[12] (*See* ECF No. 40, PageID.498–502.) The Court adopted the report and recommendation, without objection. (*See* ECF No. 54, PageID.601.)

Because there were conflicting accounts of service on Ross Towing, the expiration of the summons was extended. (*See* ECF No. 39, PageID.485.) Judge Hluchaniuk ordered Plaintiff to perfect service on Ross Towing by March 2, 2020 and specifically warned her that the failure to perfect service and file proof of service by the extended deadline would "**result in a recommendation that the unserved defendants be dismissed from this case without prejudice**." (*Id.* at PageID.488 (emphasis in original).) Plaintiff served Ross Towing on March 2, 2020. (*See* ECF No. 44, PageID.527.)

Ross Towing filed a motion for judgment on the pleadings on January 25, 2021, arguing that Plaintiff failed to sufficiently allege any claims against it. (*See* ECF No. 67.)

    4.    *Plaintiff's Belated Motion to Amend the Complaint*

---

[12] In pertinent part, Judge Hluchaniuk wrote that he was concerned that Plaintiff could not state a § 1983 claim against Ross Towing because it may not be a state actor. (*See* ECF No. 40, PageID.500.) Further, Judge Hluchaniuk explained that Plaintiff failed to allege sufficient facts to support all the elements of her state law claims. (*See id.* at PageID.501–502.)

On June 22, 2020—over a year after filing the initial complaint—Plaintiff moved to amend her complaint "to clarify claims and the liability of each Defendant."[13] (ECF No. 59.) The Court held a status conference on January 14, 2021 with all remaining parties who had appeared in the case: Plaintiff, the City of Detroit, Chief Craig, and Ross Towing. During the status conference, the Court discussed Plaintiff's motion to amend the complaint (ECF No. 59) and the pending report and recommendation (ECF No. 55). The City of Detroit, Chief Craig, and Ross Towing reiterated their opposition to Plaintiff's motion to amend. The Court also expressed its concerns about the deficiencies in Plaintiff's motion and set a briefing schedule to give Plaintiff another opportunity to address the problems with her motion and proposed amended complaint.

Following the status conference, the Court issued an order extending the deadline until February 16, 2021 for Plaintiff to file a reply

---

[13] Plaintiff's proposed amended complaint does not clarify her claims or shore up the deficiencies in the original complaint. As the Court noted during the January 14, 2021 status conference, the proposed amended complaint makes claims against the Southfield Defendants, even though they have already been dismissed from this action; removes claims against unnamed DPD officers; and adds claims against an unnamed employee of Ross Towing. Moreover, Plaintiff has not provided the Court *any* explanation as to why she seeks to change her complaint over a year after initially filing it.

to Ross Towing's response to her motion to amend.[14] (ECF No. 65.) The Court also deferred its decision on the pending report and recommendation (ECF No. 55) that the Individual DPD Officer Defendants be dismissed without prejudice from the case, and that the City of Detroit and Chief Craig's motion for summary judgment be granted.

As noted, the City of Detroit, Chief Craig, and Ross Towing oppose Plaintiff's motion to amend. The City of Detroit and Chief Craig oppose it because they argue that the proposed amended complaint does not offer new factual allegations against them. (*See* ECF No. 66, PageID.820.) Further, they contend that granting the motion would prejudice them by extending the litigation. (*See id.*) Ross Towing opposes Plaintiff's motion to amend her complaint because it asserts that her amendments would be futile. (*See* ECF No. 68.)

On January 18, 2021, Plaintiff filed an appeal of "verbal denials and verbal decisions entered in this action on January 14, 2021" with the Sixth Circuit. (*See* ECF No. 71, PageID.848).

_____

[14] The Court ordered Plaintiff to respond by February 14, 2021, although the scheduling order lists the deadline as February 16, 2020, in error. (*See* ECF No. 64.)

5.    *Plaintiff's Failure to Respond to the Order to Show Cause*

Although the Court shared its concerns about the sufficiency of Plaintiff's motion to amend and ordered her to address these concerns in a written filing (*see* ECF No. 65), Plaintiff did not reply to the opposition to her motion to amend after the status conference. Then, to provide Plaintiff another opportunity to reply, on January 24, 2022, the Court issued a show cause order requiring her

> to file a response addressing (1) why she failed to comply with the Court's order [directing her to file a reply in support of her motion to amend] (ECF No. 65), (2) the Court's concerns with her motion to amend that the Court identified at the status conference, (3) Defendants' arguments opposing her motion to amend, and (4) why her motion to amend should be granted

(ECF No. 73, PageID.857–858.) In the order, the Court specifically warned Plaintiff that "**[f]ailure to file a response by February 4, 2022 will result in sanctions, including denying Plaintiff's motion to amend or dismissing the action under Fed. R. Civ. P. 41(b)**." (*Id.* at PageID.858 (emphasis in original).) Despite this warning, Plaintiff failed to file a response to the show cause order.

16

## II.   Legal Standards

Federal Rule of Civil Procedure 41(b) provides that a court may order the involuntary dismissal of a case "[i]f the Plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). It is well settled that a district court may dismiss a case on its own authority, without the motion of a party, for failure to prosecute. *See Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (collecting cases). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

In considering dismissal of a case under Federal Rule of Civil Procedure 41(b), courts evaluate

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

17

*Cornett v. Dobson*, 338 F.R.D. 97, 99 (E.D. Ky. 2021) (quoting *Schafer*, 529 F.3d at 736). No factor is dispositive, though "'a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

A *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Frengler v. Gen. Motors*, 382 F. App'x 975, 976 (6th Cir. 2012). However, "that lenient treatment has limits, especially when dealing with easily understood instructions." *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 767 (6th Cir. 2019) (internal citation and quotations omitted). "[T]here is no cause for extending [this leniency] to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *see also In re G.A.D., Inc.,* 340 F.3d 331, 335 (6th Cir. 2003) (affirming denial of *pro se* plaintiff's motion to reconsider her untimely response to a motion to dismiss). And "readily comprehended court deadlines" are *exactly* the kind of procedural

requirements to which *pro se* parties are not entitled to "special consideration." *Jourdan*, 951 F.2d at 110; *see also Nationwide Life Ins. Co. v. Penn-Mont Benefit Servs., Inc.*, No. 16-4707, 2018 WL 1124133, at *6 (6th Cir. Jan. 31, 2018) (*pro se* parties' repeated failure to comply with court deadlines not entitled to leniency and weighed in favor of dismissal under Fed. R. Civ. P. 41(b)); *United States v. Barrow*, No. 17-1628, 2018 WL 2670617, at *2 (6th Cir. Feb. 8, 2018) (*pro se* party's failure to comply with "readily comprehensible" filing deadlines not entitled to leniency).

## III.  Analysis

Applying the factors listed above, dismissal is warranted under Federal Rule of Civil Procedure 41(b).

### 1.  *Bad Faith, Willfulness, or Fault*

The first factor weighs against Plaintiff. Even where there is no evidence that a party's noncompliance is the result of bad faith or willfulness, fault may be established by a pattern of failure to fulfill court orders. *See, e.g.*, *Malott v. Haas*, No. CV 16-13014, 2017 WL 1319839, at *2, *report and recommendation adopted*, 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017); *Ibrahim v. Marriot Hotels, Inc.*, No. 3:15-CV-01147, 2018 WL 6978105, at *3 (M.D. Tenn. Dec. 10, 2018), *report and*

19

*recommendation adopted*, 2019 WL 120810 (M.D. Tenn. Jan. 7, 2019); *Hanna v. Marriott Hotel Servs., Inc.*, No. 3:18-CV-00325, 2021 WL 6205790, at *3 (M.D. Tenn. Dec. 31, 2021).

The record in this case includes many examples of Plaintiff's pattern of failure to abide by the Court's orders. For example, Plaintiff has not provided any information as to why she failed to submit a reply brief by the February 16, 2021 deadline, despite an order to show cause. (*See* ECF No. 73.) The Court also notes that Plaintiff filed an appeal of this case with the Sixth Circuit on January 18, 2021. (*See* ECF No. 71, PageID.848.) Her filing of this appeal indicates that Plaintiff was capable of filing court papers but failed to do so in this case. *See Malott*, 2017 WL 1319839, at *2 (*pro se* plaintiff who did not respond to orders to show cause or serve a defendant failed to comply with court orders). Similarly, Plaintiff's inability to perfect service on the Individual DPD Officer Defendants also demonstrates a failure to comply with the Court's orders. *See Ibrahim*, 2018 WL 6978105, at *3 (plaintiff who did not perfect service failed to comply with court deadlines). The Court does not presume that this repeated noncompliance is the result of bad faith or

willfulness, but it demonstrates fault for failing to follow the Court's orders.

### 2.   Prejudice

As to the second factor, "[t]he key to finding prejudice in a dismissal for lack of prosecution is whether the defendants wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer*, 529 F.3d at 739 (internal citation and alterations omitted). Here, there is little prejudice to Defendants because Plaintiff's failures have resulted in delay of this litigation and not work necessitated by her lack of cooperation.[15] *See id.*; *Spicer v. Comm'r of Soc. Sec.*, No. 15-11037, 2015 WL 5999171, at *2 (E.D. Mich. Sept. 23, 2015) (though the plaintiff's actions delaying litigation resulted in "little prejudice" to the defendant, recommending dismissal under Fed. R. Civ. P. 41(b)), *report and recommendation adopted*, No. 15-CV-11037, 2015 WL 5968757 (E.D. Mich. Oct. 14, 2015); *see also Overton v. Colvin*, No. 15-11750, 2015 WL 7249900, at *2 (E.D. Mich. Nov. 5, 2015)

---

[15] In this case, delay of litigation may be more prejudicial to Ross Towing. On December 14, 2021, the Court was informed that Marisa C. Petrella, Ross Towing's attorney of record in this case, passed away and that her firm was in the process of being dissolved. (ECF No. 72.) No other attorney has entered a notice of appearance for this Defendant.

(recommending dismissal of complaint under 41(b) where all factors, except prejudice to the defendant, weighed against the plaintiff).

### 3.   Prior Notice

The third factor also favors dismissal. This factor weighs against a party who fails to follow court orders, despite previous warnings. *See Frazier v. Comm'r of Soc. Sec.*, No. 10-15120, 2012 WL 760799, at *3 (E.D. Mich. Feb. 9, 2012) (third factor weighed against previously warned *pro se* plaintiff who failed to file a motion or otherwise respond to an order to show cause), *report and recommendation adopted*, 2012 WL 760805 (E.D. Mich. Mar. 8, 2012); *Ibrahim*, 2018 WL 6978105, at *2 (dismissing without prejudice case of *pro se* plaintiff previously warned that his claims against an unserved defendant could be dismissed); *Yax v. Comm'r of Soc. Sec.*, No. 11-CV-10228, 2011 WL 3035214, at *1, *report and recommendation adopted*, 2011 WL 3034914 (E.D. Mich. July 25, 2011) (dismissing case of plaintiff who was "specifically warned that the case may be dismissed should he fail to file a motion and brief" by a certain deadline but failed to do so).

Here, the Court has repeatedly warned Plaintiff of the

consequences of the failure to comply with deadlines. [16] (*See, e.g.*, ECF No. 33, PageID.467 ("No further extension to respond to these motions will be granted."); ECF No. 38, PageID.479; ECF No. 46, PageID.544 ("**Failure to timely or adequately respond in writing to this Order will result in a recommendation that the Detroit Police defendants be dismissed from this case without prejudice**.") (emphasis in original); ECF No. 48, PageID.550 ("**Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**.") (emphasis in original); ECF No. 53; PageID.598 ("**Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**.") (emphasis in original); ECF No. 73, PageID.855, 858). Indeed, Plaintiff was expressly warned in two different orders that

---

[16] The Court notes that although Plaintiff proceeds *pro se*, her experience in other federal litigation also serves as notice that courts may rule against her if she fails to comply with court orders and deadlines. *See, e.g.*, *Simmons v. City of Detroit*, 18-cv-13812 (ECF No. 32) (E.D. Mich. denying Simmons' third motion for extension of time Jan. 10, 2020); *Simmons v. City of Detroit*, 18-cv-13813 (ECF No. 61) (E.D. Mich. striking order to vacate order of dismissal for failure to comply with local rules Sept. 28, 2021); *Simmons v. City of Warren*, 19-cv-11531 (ECF No. 10) (E.D. Mich. filed May 24, 2019) (E.D. Mich. ordering Simmons to show cause why the action should not be dismissed for failure to serve the defendants Oct. 29, 2019); *Simmons v. Swafford*, 19-cv-11595 (ECF No. 10) (E.D. Mich. denying motion for reconsideration that failed to comply with Eastern District of Michigan Local Rules Jan 25, 2021).

the entire case could be dismissed under Rule 41(b). (*See* ECF No. 38, PageID.479 ("**Failure to file a response within five weeks will result in sanctions, including granting all or part of the relief requested by the moving party or recommending that the case be dismissed pursuant to Fed. R. Civ. P. 41(b).** <u>No further extensions will be granted</u>.") (emphasis in original); ECF No. 73, PageID.855, 858 ("**Failure to file a response by February 4, 2022 will result in sanctions, including denying Plaintiff's motion to amend or dismissing the action under Fed. R. Civ. P. 41(b)**.") (emphasis in original).) Despite these explicit warnings and ample time, Plaintiff has still failed to respond to the Court's concerns and Defendants' opposition to her motion to amend her complaint. Accordingly, the third factor strongly supports dismissal.

### 4.  *Appropriateness of Other Sanctions*

As to the fourth factor, Plaintiff was previously warned that less drastic sanctions could be imposed for failure to comply with Court-imposed deadlines. In fact, the Court ordered the less drastic sanction of granting the Southfield Defendants' motion for judgment on the pleadings after Plaintiff did not file a timely response. (*See* ECF Nos. 45,

24

54.) Despite the warnings referenced above, Plaintiff continues to disregard the Court's deadlines. For example, Ross Towing filed a motion for judgment on the pleadings on January 25, 2021 (ECF No. 67), but to date, Plaintiff has not responded. (ECF No. 73.) In this case, less drastic sanctions have proven ineffective. Therefore, the fourth factor heavily favors dismissal.

### 5.    *The Balance of Factors Supports Dismissal*

The record shows that Plaintiff has failed to abide by the Federal Rules of Civil Procedure and many of the Court's orders throughout the years this case has been pending. *See* Fed. R. Civ. P. 41(b). Because no one factor is dispositive, dismissal is appropriate where, as here, all but one supports dismissal. *See, e.g.*, *Schafer*, 529 F.3d at 739. Therefore, dismissal of this action is appropriate.

## IV.   **Conclusion**

For the reasons set forth above, the Court DISMISSES this case. Accordingly, the following docket entries are terminated as moot: ECF Nos. 52, 55, 59, and 67.

IT IS SO ORDERED.

Dated: February 7, 2022                    s/Judith E. Levy

Ann Arbor, Michigan

JUDITH E. LEVY
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 7, 2022.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager

26