UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Latausha Simmons,

                Plaintiff,        Case No. 19-cv-11726

v.                                    Judith E. Levy
                                     United States District Judge

City of Southfield, *et al.*,

                                     Mag. Judge David R. Grand

                Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE/SET ASIDE ORDER OF DISMISSAL AND REINSTATE CASE AGAINST ALL DEFENDANTS [75]**

Before the Court is Plaintiff's "motion to vacate/set aside order of dismissal and reinstate case against all defendants pursuant to Fed. R. Civ. P. 60(b)(1); 60(b)(3); 60(d)(6) and 6(b)(1)(B)." (ECF No. 75.) For the reasons set forth below, Plaintiff's motion is DENIED.

**I.    Background**

On February 7, 2022, the Court entered an order dismissing this case because of Plaintiff's repeated failure to comply with the Court's deadlines and procedures. (ECF No. 74.) On February 7, 2023, Plaintiff

filed the present motion "to vacate/set aside order of dismissal and reinstate case against all defendants." (ECF No. 75.) Defendants City of Detroit and James Craig filed a response. (ECF No. 77.)

Plaintiff brings her motion under Federal Rule of Civil Procedure 60(b)(1) and 60(b)(3).[1] She raises a number of arguments in her motion. One set of arguments appears to relate to her request for relief under Rule 60(b)(1). Plaintiff argues that "this Court had erroneously concluded that Plaintiff's claims did not have merit . . ." (ECF No. 75, PageID.891.) She also states that "[d]ismissal was not a reasonable sanction, nor should there be or have been any sanction against Plaintiff because Plaintiff has always acted in good faith with no ill intent or undue delay." (*Id.* at PageID.893.) Plaintiff adds that "supporting factual evidence shows that Plaintiff **never failed** to comply with this Court's Orders regarding responding to any of Defendants' pleadings . . ."[2] (*Id.* at PageID.895.)

---

[1] Plaintiff also brings her motion under Federal Rules of Civil Procedure 60(d)(6) and 6(b), but these rules do not entitle her to relief. First, there is no Rule 60(d)(6) in the Federal Rules of Civil Procedure. Second, Rule 6(b) is not applicable to Plaintiff's 60(b) motion. Rule 6(b)(2) states that "[a] court must not extend the time to act under Rule[] . . . 60(b)." Fed. R. Civ. P. 6(b)(2).

[2] Plaintiff also argues that "[b]ecause of inadvertence or mistake, Plaintiff never received Defendants' Ross Towing motion for summary judgment to respond

2

Plaintiff's remaining arguments appear to relate to Rule 60(b)(3).[3] She argues that "Defendants' fraudulent concealment of claims and evidence resulted in this Court's erroneous dismissal of Plaintiff's case in favor of Defendants . . . ."[4] (*Id.* at PageID.886.)

In their response, Defendants City of Detroit and James Craig argue that Plaintiff's motion is untimely. (ECF No. 77, PageID.941.) They also argue that Plaintiff fails to show that Defendants committed fraud or "why her 'newly discovered evidence' could not have been discovered before her case was dismissed." (*Id.* at PageID.942–944.)

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) identifies certain conditions under which "the court may relieve a party . . . from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). Under Federal Rule of Civil

---

to, but instead received in the envelope their answers to Plaintiff's first set of interrogatories . . . ." (ECF No. 75, PageID.901.) But Defendant Ross Towing never filed a motion for summary judgment.

[3] In her motion, Plaintiff also mentions Federal Rule of Civil Procedure 60(d)(3). Rule 60(d)(3) states that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Plaintiff appears to be invoking this rule as part of her request for relief under Rule 60(b)(3).

[4] Plaintiff adds that "during a hearing held without Plaintiff, Defendants[] intentionally concealed their fraud upon this Court and their fraudulent towing schemes." (ECF No. 75, PageID.888.) The Court has not held any hearing or status conference without Plaintiff.

Procedure 60(b)(1), the Court may grant a party relief from a final judgment or order due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b)(1) 'is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Vargo v. D & M Tours, Inc.*, 841 F. App'x 794, 799 (6th Cir. 2020) (quoting *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002)).

Rule 60(b)(3) "allows a district court to grant relief in cases of 'fraud . . . , misrepresentation, or misconduct by an opposing party.'" *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 455 (6th Cir. 2008) (quoting Fed. R. Civ. P. 60(b)(3)). "Rule 60(b)(3) clearly requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Id.* (quoting *Jordan v. Paccar, Inc.*, No. 95-3478, 1996 WL 528950, at *5 (6th Cir. Sept. 17, 1996)).

Whether to grant relief under Rule 60(b) is in the court's discretion. *See Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001). "[T]he party seeking relief under Rule 60(b) bears the burden of establishing the

4

grounds for such relief by clear and convincing evidence." *Info-Hold, Inc.*, 538 F.3d at 454.

### III. Analysis

Plaintiff does not show that she is entitled to relief under Rule 60(b). Relief is not appropriate under Rule 60(b)(1) because Plaintiff has not shown that she "made an excusable mistake" or that the Court "made a substantive mistake of law or fact." *Vargo*, 841 F. App'x at 799.

The Court dismissed this case because of Plaintiff's lengthy history of failing to respond to Court orders and deadlines. (*See* ECF No. 74.) Plaintiff does not provide an explanation for her history of unresponsiveness. (*See* ECF No. 75.) Instead, she denies any delay or failure to comply with the Court's orders. (*See, e.g.*, *Id.* at PageID.893, 895 (arguing that the "supporting factual evidence shows that Plaintiff **never failed** to comply with this Court's Orders . . .").) But Plaintiff's statements are not supported by the record. The Court's order dismissing the case describes Plaintiff's repeated failure to respond to Court orders:

> the Court has repeatedly warned Plaintiff of the consequences of the failure to comply with deadlines. (*See, e.g.*, ECF No. 33, PageID.467 ("No further extension to respond to these motions will be granted."); ECF No. 38, PageID.479; ECF No. 46, PageID.544 ("**Failure to timely or adequately respond**

5

> **in writing to this Order will result in a recommendation that the Detroit Police defendants be dismissed from this case without prejudice**.") (emphasis in original); ECF No. 48, PageID.550 ("**Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**.") (emphasis in original); ECF No. 53; PageID.598 ("**Failure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**.") (emphasis in original); ECF No. 73, PageID.855, 858). Indeed, Plaintiff was expressly warned in two different orders that the entire case could be dismissed under Rule 41(b). (*See* ECF No. 38, PageID.479 ("**Failure to file a response within five weeks will result in sanctions, including granting all or part of the relief requested by the moving party or recommending that the case be dismissed pursuant to Fed. R. Civ. P. 41(b)**. No further extensions will be granted.") (emphasis in original); ECF No. 73, PageID.855, 858 ("**Failure to file a response by February 4, 2022 will result in sanctions, including denying Plaintiff's motion to amend or dismissing the action under Fed. R. Civ. P. 41(b)**.") (emphasis in original).) Despite these explicit warnings and ample time, Plaintiff has still failed to respond to the Court's concerns and Defendants' opposition to her motion to amend her complaint. Accordingly, the third factor strongly supports dismissal.

(ECF No. 74, PageID.880–882.)

Given Plaintiff's history of failing to respond to Court orders, dismissal was a reasonable sanction. *See, e.g.*, *Frazier v. Comm'r of Soc.*

*Sec.*, No. 10-15120, 2012 WL 760799, at *3 (E.D. Mich. Feb. 9, 2012). Plaintiff does not present any arguments or evidence suggesting otherwise. In other words, Plaintiff does not show that the Court made "a substantive mistake of law or fact" in dismissing the case or that her delays were "an excusable mistake." *Vargo*, 841 F. App'x at 799.

Relief is also not appropriate under Rule 60(b)(3). The evidence in the record does not support that Defendants "committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question." *Info-Hold, Inc.*, 538 F.3d at 455. In fact, Defendants did not take *any* action that "impacted . . . the relevant legal proceeding." *Id.* The Court dismissed the case solely because "Plaintiff has repeatedly failed to comply with the Court's deadlines and procedures." (ECF No. 74, PageID.860.) It was Plaintiff's actions, not Defendants,' that led to the dismissal of this case. In sum, Plaintiff is not entitled to relief under Rule 60(b)(1) or 60(b)(3).

IV. **Conclusion**

For the reasons set forth above, the Court DENIES Plaintiff's motion to vacate/set aside order of dismissal and reinstate case against all Defendants. (ECF No. 75.)

IT IS SO ORDERED.

Dated: April 18, 2023           s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                        United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2023.

                                          s/William Barkholz
                                          WILLIAM BARKHOLZ
                                          Case Manager